MEMORANDUM *
Appellant Karen Cottey was convicted and sentenced in 2003, after pleading guilty to one count of identity theft pursuant to 18 U.S.C. § 1028(a)(7). Her sentence ordered restitution in the amount of $33,512.00, which was in accord with the parties’ stipulation regarding the amount of taxes she owed on her fraudulent gaming winnings. She paid the restitution in 2005.
Cottey initiated this proceeding in 2007 in an effort to obtain a return of her payment, contending that the 2003 judgment was incorrect because her total gaming losses for the years in question exceeded her winnings. She sought to establish this by filing a motion pursuant to Rule 36 F.R.Cr.P., and later an application for a writ of audita querela. The district court denied both the motion and the application for writ and advised the appellant to seek her remedy by filing a civil action pursuant to 28 U.S.C. § 1346(a)(1). The district court was correct.
Rule 36 is intended to correct clerical errors in a judgment of conviction. The record in this case reflects that the amount of restitution ordered was not a clerical error.
A writ of “audita querela” is available only when there is a legal defense or discharge to the judgment that arose after the entry of judgment, and when the writ would fill a gap in the federal postconviction remedial framework. Doe v. INS, 120 F.3d 200, 203 (9th Cir.1997). Cottey argues that she has a legal defense to the restitution order because the amount of restitution exceeded her actual tax liability. She asserts that she owed no taxes because her gaming losses were greater *179 than her winnings. However, she did not present sufficient evidence to prove that assertion, and the IRS has not yet made a final determination of her tax liability for the years in question. Therefore, Cottey failed to show that a defense or discharge arose subsequent to the entry of judgment. The district court appropriately denied the writ and advised Cottey that there is a remedy available to her in the form of an independent civil action for refund. See 28 U.S.C. § 1846(a)(1). Such an action can be expeditiously filed in the district where Cottey lives, see 28 U.S.C. § 1402(a)(1), and if that is in Nevada, at least one district judge is already familiar with the ease.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.